# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE and BETH DUDLEY, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> PUTNAM INTERNATIONAL EQUITY FUND and PUTNAM INVESTMENT MANAGEMENT, LLC <br><br> *Defendants.* | 06-938-DRH/PMF <br><br> (Circuit Court for Madison County, Illinois, Case No. 2003 L 001539) |

## NOTICE OF REMOVAL

Defendants hereby remove this action to the United States District Court for the Southern District of Illinois, pursuant to (i) the general federal removal provisions, 28 U.S.C. §§ 1441, 1446(b), and (ii) the removal provisions of the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. §§ 77p(c) & 78bb(f)(2). For the reasons stated below, controlling decisions by the United States Supreme Court and the Seventh Circuit Court of Appeals establish that this case is removable.

## BACKGROUND

1.  Plaintiffs initially filed this action in the Circuit Court for Madison County, Illinois, on November 10, 2003. Copies of all process, pleadings, and orders served upon defendants are attached as Exhibit A. Defendants timely removed to this Court on December 15, 2003 (Civil Action No. 03-852 (GPM-CJP)) on the ground, *inter alia*, that plaintiffs' claims are precluded by SLUSA. SLUSA expressly allows removal of class actions filed in state court that allege specified misconduct "in connection with the *purchase or sale*" of certain types of

federally regulated securities, and requires that such claims be dismissed. (15 U.S.C. §§ 77p(c) & 78bb(f)(2)) (emphasis added.)[1]

2.  On December 17, 2003, plaintiffs moved for remand on the basis that because they purport to bring suit solely on behalf of *"holders"* of securities, rather than purchasers or sellers, their claims do not meet SLUSA's "in connection with" requirement and, therefore, are not subject to SLUSA removal and preclusion. Exh. B. This Court accepted plaintiffs' argument and remanded the case to state court on January 27, 2004. *Dudley v. Putnam Int'l Equity Fund, et al.*, No. 03-852-GPM-CJP (S.D. Ill. Jan. 27, 2004), Exh. C.

3.  Appeal was taken from the Court's remand order on February 26, 2004. Appeals were subsequently taken from remand orders in several other similar cases, which the United States Court of Appeals for the Seventh Circuit consolidated with this one under the caption *Kircher v. Putnam Funds Trust, et al.* (We therefore refer to these consolidated appeals as the "*Kircher* appeals").

4.  The Seventh Circuit thereafter issued two published opinions in the *Kircher* appeals. In the first, the Court of Appeals held it had appellate jurisdiction to review this Court's remand order despite the general bar on the appealability of remand orders in 28 U.S.C. § 1447(d). *Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004) (*Kircher I*), Exh. D. In the second published opinion, the Court of Appeals rejected the argument that SLUSA does not apply to so-called "holder" claims, and therefore reversed the remand order and held that

---

[1] SLUSA preclusion applies to "[a]ny covered class action" brought in state court involving a "covered security" and alleging an untrue statement, omission of fact, or the use of a manipulative or deceptive device, each of which requirements is satisfied by plaintiffs' complaint. 15 U.S.C. §§ 77p(c) & 78bb(f)(2).

plaintiffs' claims must be dismissed. *Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005) (*Kircher II*), Exh. E.

5. The Seventh Circuit's *Kircher II* ruling was in direct conflict with a Second Circuit Court of Appeals decision issued just three months earlier, *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *rev'd*, 126 S. Ct. 1503 (2006). On September 27, 2005, the United States Supreme Court granted certiorari in *Dabit* to resolve the split. The question presented on which certiorari was granted was "[w]hether, *as the Seventh Circuit held [in Kircher II]* and in direct conflict with the decision [in *Dabit*] below, SLUSA preempts state law class actions . . . brought solely on behalf of persons who were induced thereby to hold or retain (and not purchase or sell) securities?" *See* Petition for Writ of Certiorari at *i, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 2005 WL 879506 (April 11, 2005) (emphasis added); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 34 (2005) (granting petition for writ of certiorari). The Supreme Court answered the question in the affirmative and expressly approved the Seventh Circuit's construction of SLUSA's preclusive scope in *Kircher II*. *Dabit*, 126 S. Ct. at 1507 ("The background, the text, and the purpose of SLUSA's pre-emption provision all support the broad[] interpretation adopted by the Seventh Circuit [in *Kircher II*]"). Thus, as the Seventh Circuit recently explained, both it "(in *Kircher II*) and the Supreme Court (in *Dabit*) have held that the district judge's 2004 [remand] decision was mistaken." *In re Mut. Fund Market-Timing Litig.*, 2006 U.S. App. LEXIS 25660, at *10 (7th Cir. 2006) (*Kircher IV*), Exh. F.

6. After the Seventh Circuit Court of Appeals in *Kircher II* rejected plaintiffs' argument that SLUSA does not preclude a state law class action brought only by holders of securities, plaintiffs pursued two strategies, one in this Court and the other in the Supreme Court.

3

In this Court, plaintiffs filed an amended complaint in a further effort to avoid dismissal of their claims under SLUSA. *See* Exh. G. No longer able to argue that SLUSA's "in connection with" requirement is not met in cases brought by "holders" of securities, plaintiffs contended that the "negligent" misconduct they allege does not fall within SLUSA's pre-emptive reach and that the case should therefore be remanded despite *Kircher II*. *See* Plaintiffs' Memorandum in Support Motion for Leave to Amend Complaint at 4 (Exh. H). On June 1, 2005, this Court rejected plaintiffs' gambit, and struck their amended complaint because it did not provide a new basis for remand. *See Dudley v. Putnam Int'l Equity Fund, et al.*, No. 03-852-GPM-CJP (S.D. Ill. June 1, 2005) (Exh. I). The Court also vacated its earlier remand order and dismissed all of plaintiffs' claims with prejudice as pre-empted by SLUSA. *Id.* Plaintiffs appealed the dismissal order on June 27, 2005. The Seventh Circuit Court of Appeals consolidated plaintiffs' appeal in this case with appeals in related cases under the lead caption *Potter v. Janus Investment Fund, et al.* (we therefore refer to this second group of appeals as the "*Potter* appeals").

7.  Four related cases – each of which involves complaints that are functionally identical to plaintiffs' and were likewise remanded by this Court in early 2004 – reached the Seventh Circuit Court of Appeals via a different procedural path. In those matters, the defendants had not appealed the initial remand order. Instead, they re-removed after *Kircher II* was decided. This Court denied the ensuing motions to remand those cases following the second removal and held that all of SLUSA's conditions for removal were satisfied and that the cases must be dismissed. *Bradfisch v. Templeton Funds*, 2005 U.S. Dist. LEXIS 14500, at *8 (S.D. Ill. 2005; Reagan, J.) ("*Kircher* instructs that lawsuits based on allegations such as those in Plaintiffs' complaint herein satisfy [SLUSA's] four conditions and fall within SLUSA's reach. Accordingly, this action could be removed under 15 U.S.C. § 77p(c). Furthermore, *Kircher*

4

mandates that this Court dismiss all of Plaintiffs' state law claims as barred by SLUSA.") (Exh. J); *Kwiatkowski v. Templeton Growth Fund, Inc.*, 2005 U.S. Dist. LEXIS 41946, at *2-3 (S.D. Ill. 2005; Murphy, J.) ("the Seventh Circuit found that the broad preemptive effect of SLUSA effectively blocks state court litigation of such claims") (Exh. K). The Seventh Circuit Court of Appeals summarily affirmed this Court's decisions in *Bradfisch* and *Kwiatkowski*. *See Kircher IV*, 2006 U.S. App. LEXIS 25660, at *9-10 (prior to its disposition of the rest of the *Potter* appeals, the Seventh Circuit "affirmed [this Court's dismissal of *Bradfisch* and *Kwiatkowski*] by unpublished order relying on *Dabit*. *See Bradfisch v. Templeton Funds, Inc.*, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), [Exh. L] *rehearing denied* (with additional explanation) (June 15, 2006)." (Exh. M)).

8. In the wake of the Seventh Circuit's decisions in *Kircher I* and *II*, plaintiffs, in addition to launching the further proceedings in this Court that led to the *Potter* appeals, also sought review of *Kircher I* and *II* in the United States Supreme Court. The Supreme Court granted review limited to the question of appellate jurisdiction addressed in *Kircher I*. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 979 (2006). Review of *Kircher II* was not granted because the conflict created by that decision was going to be squarely resolved in *Dabit*. In June 2006, the Supreme Court issued its opinion on review of *Kircher I*, holding that the Seventh Circuit Court of Appeals did not have appellate jurisdiction to review this Court's January 2004 remand order, and ordered the Court of Appeals to dismiss the *Kircher* appeals. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006) (*Kircher III*), Exh. N. The Supreme Court's judgment issued on July 17, 2006. On the same day, the Seventh Circuit Court of Appeals ordered the parties to submit statements pursuant to Circuit Rule 54 by July 25, 2006. Rule 54 provides that "[w]hen the Supreme Court remands a case to this court for further proceedings, counsel for the parties

5

shall, within 21 days after the issuance of a certified copy of the Supreme Court's judgment pursuant to its Rule 45.3, file statements of their positions as to the action which ought to be taken by this court on remand." These statements were duly filed.

9.  On October 16, 2006, the Seventh Circuit Court of Appeals issued an opinion dismissing the *Kircher* appeals pursuant to the Supreme Court's mandate in *Kircher III*, vacating the district court's judgments of dismissal in the *Potter* appeals, and ordering that the cases be remanded to state court. *Kircher IV*, 2006 U.S. App. LEXIS 25660, Exh. F. The Court of Appeals explained that it had appellate jurisdiction over the *Potter* appeals and that, according to *Kircher II*, plaintiffs' claims are precluded by SLUSA. *Id*. at *4. It nonetheless declined to summarily affirm the judgments of dismissal because *Kircher III* required it to "rewind the litigation to the date in 2004 when *Kircher I* erroneously asserted appellate jurisdiction – a step that would return each case to state court." *Id*. at *6; *see also id*. at *3 ("the suits will return to Illinois courts under orders that the district court entered in 2004").

10.  The Seventh Circuit Court of Appeals nonetheless anticipated that defendants might again remove the case, under both section 1446(b) and SLUSA. *Id*. at *7 ("The mutual funds will argue that a second removal is authorized either by 28 U.S.C. § 1446(b) (a new 30-day period for removal opens once an order first demonstrates that the case is removable) or by SLUSA."). The Court explained that "[t]here will be time enough to address these arguments if they become important; their resolution ought not be anticipated before the steps that make them relevant have been taken." *Id*. at *7-8.

## BASES FOR REMOVAL

### I.   The Court Has Removal Jurisdiction Over This Case

11.  This case is both within this Court's removal jurisdiction and precluded by SLUSA. As the Seventh Circuit Court of Appeals summarized in *Kircher IV*:

6

> Plaintiffs maintain that the funds are liable because they were vulnerable to arbitrageurs who exploited the fact that, when the mutual funds' shares were priced (at 4 P.M. New York time every business day), the funds valued securities of foreign issuers at their closing prices in the issuers' home markets rather than the latest trading price in any liquid market. If prices move after the issuers' home-market close, but before 4 P.M. in New York, the difference creates arbitrage opportunities at the expense of investors who follow a buy-and-hold strategy. Plaintiffs contend that the funds should have made arbitrage unprofitable by changing the rules for valuing the securities in the funds' portfolios or imposing fees on short-swing trades.
>
> *Kircher II* held that ***claims of this kind arise under federal securities law*** because disclosure of the funds' practices and vulnerabilities would preclude recovery, and that, because plaintiffs have not taken advantage of the exception for derivative litigation, ***the state-law claims are preempted by the Securities Litigation Uniform Standards Act of 1998 (SLUSA)*** even though at least some of the investors held their shares throughout the class periods. . . .

*Kircher IV*, 2006 U.S. App. LEXIS 25660, at *1-2 (emphasis added). While *Kircher II* was vacated by *Kircher III*, the Supreme Court adopted the underlying reasoning of the Seventh Circuit's decision and it therefore remains highly persuasive authority. *See Christianson v. Colt Industries Operating Corp.*, 870 F.2d 1292, 1298-1299 (7th Cir. 1989); *United States ex rel. Espinoza v. Fairman*, 813 F.2d 117, 126 n.7 (7th Cir. 1987).

      12.    Indeed, the Supreme Court expressly "agreed with [the] substantive approach" of *Kircher II* in *Dabit*. *Kircher IV*, 2006 U.S. App. LEXIS 25660, at *2. *Dabit* is clearly controlling here, and unequivocally rejects the *sole* basis for the 2004 remand order – that SLUSA does not apply to so-called "holder" class actions. *See Kircher III*, 126 S. Ct. at 2151 n.5 (explaining that *Dabit* rejected the reasoning underlying this Court's initial remand) (Exh. N).

      13.    In light of *Dabit*, plaintiffs have sought to evade SLUSA preclusion by pointing to their allegations of "negligence." In the Supreme Court, however, plaintiffs conceded that SLUSA reaches negligence claims. Tr. of *Kircher* Arg. at 57, Exh. O. Moreover, the Seventh Circuit Court of Appeals has *twice* rejected plaintiffs' new-found argument that their "negligent

7

mismanagement" claims do not allege misconduct that falls within SLUSA's parameters. *See Kircher II*, 403 F.3d at 484 ("if these funds had stated bluntly in their prospectuses (or otherwise disclosed to investors) that daily valuation left no-load funds exposed to short-swing trading strategies, that revelation would have squelched litigation of this kind") (Exh. E); *Bradfisch v. Templeton Funds, Inc.*, 2006 U.S. App. LEXIS 12394, at *2 (7th Cir. 2006) ("Although the plaintiffs maintain that *Dabit* does not control because (in their view) the defendant funds have been negligently managed, they have not sought relief through derivative litigation and therefore cannot take advantage of the exception for that kind of suit in the Securities Litigation Uniform Standards Act of 1998") (Exh. L).[2]

## II.  Removal Is Procedurally Proper

14.  This Notice is timely under 28 U.S.C. § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

15.  According to this Court's original remand order "the case stated by the initial pleading was not removable." 28 U.S.C. § 1446(b). *See Dudley v. Putnam Int'l Equity Fund, et al.*, No. 03-852-GPM-CJP, at 3 (S.D. Ill. Jan. 27, 2004) (Exh. C) ("These claims . . . are not removable under SLUSA."). That order established, "as between these parties and for purposes of this case, that, at the time of the filing of the first petition for removal, the case was not removable." *Powers v. Chesapeake and Ohio R.R. Co.*, 169 U.S. 92, 97-98 (1898).

---

[2] While the Seventh Circuit's decision in *Bradfisch* is unpublished, it falls within the "law of the case" exception to the no-citation rule, *see* 7th Cir. R. 53(b)(2)(iv), as *Bradfisch* was consolidated by the Seventh Circuit with this case on appeal.

16. Intervening decisions from the United States Supreme Court (*Dabit*, *Kircher III*) and the Seventh Circuit (*Kircher II*, *Bradfisch*, *Kircher IV*) now make perfectly clear that SLUSA does permit removal of this case. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) (second removal not barred where "intervening events justify that step").

17. The decision in *Kircher IV* is plainly an "order or other paper" in this case within the meaning of 28 U.S.C. § 1446(b). Defendants have filed this Notice within 30 days after receiving this decision, which, in addition to confirming that this case is in fact removable for the first time since the change in law (*see Kircher IV*, 2006 U.S. App. LEXIS 25660, at *2 ("claims of this kind arise under federal securities law") (Exh. F)), has rendered this case subject to removal by placing it back in state court. *Id.* Each of the parties to this case (and hence each of the removing defendants) was also a party to the appeals that resulted in the *Kircher IV* decision.

18. Other courts have upheld removal in comparable circumstances. As stated by the Fourth Circuit Court of Appeals, "the statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been manifested only by later papers revealing the grounds for removal for the first time." *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). *See* 28 U.S.C. § 1446(b) (removal proper 30 days after paper "from which it may first be ascertained that the case is one which *is or has become* removable") (emphasis added). Thus, both the Third and Fifth Circuit Courts of Appeal have applied § 1446(b) to permit re-removal where intervening judicial decisions established that the cases were – *and had always been* – removable. *Green*, 274 F.3d 263 (intervening Fifth Circuit Court of Appeals opinion clarified meaning of Texas statute); *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993) (intervening Supreme Court opinion clarified that federal statute conferred removal jurisdiction).

19.     Plaintiffs have been informed numerous times that their claims are precluded by SLUSA, and yet they continue to try to evade federal law by "litigat[ing] a securities class action in state court in the hope that a local judge or jury may produce an idiosyncratic award." *Kircher II*, 403 F.3d at 484, Exh. E. This Court should not "reward game-playing of this kind." *Benson*, 188 F.3d at 783.

20.     This Notice is also timely because "SLUSA imposes no time limits on removal." *Kwiatkowski*, 2005 U.S. Dist. LEXIS 41946, at *4; *see also Bradfisch*, 2005 U.S. Dist. LEXIS 14500, *aff'd* 2006 U.S. App. LEXIS 12394.

21.     Defendants will promptly serve written notice of the removal of this action upon all adverse parties and will file such notice with the Clerk of the Circuit Court for Madison County, Illinois, as required by 28 U.S.C. § 1446(d).

22.     Defendants are represented by the undersigned counsel who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

Dated: November 14, 2006.

          Respectfully submitted,

*Charles Joley by [signature]*
Charles L. Joley
DONOVAN, ROSE, NESTER & JOLEY, P.C.
8 East Washington Street
Belleville, Illinois 62220
Tel: (618) 235-2020
Fax: (618) 235-9632

James R. Carroll
Peter Simshauser
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Beacon Street
Boston, MA 02108
Tel: (617) 573-4800
Fax: (617) 573-4822

Counsel for Defendant
Putnam Investment Management LLC

*[signature]*
Rebecca R. Jackson
Ann C. Barron
BRYAN CAVE
One Metropolitan Square
211 North Broadway
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020

Counsel for Defendant Putnam International Equity Fund

11

John D. Donovan, Jr.
ROPES & GRAY LLP
One International Place
Boston, MA 02110
Tel: (617) 951-7655
Fax: (617) 951-7050

Counsel for Defendant Putnam International Equity Fund

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of November, 2006, I caused to be served on all counsel of record the foregoing pleading by placing a copy of the same in the United States Mail postage prepaid addressed to:

George A. Zelcs
Korein Tillery - Chicago
70 West Madison Street
Suite 660, 3 First National Plaza
Chicago, IL 60602

Klint L. Bruno
Ellison, Nielsen et al.
100 West Monroe Street
18th Floor
Chicago, IL 60603

Robert L. King
Swedlow & King - Chicago
70 West Madison Street
Suite 660, Three First National Plaza
Chicago, IL 60602

Stephen M. Tillery
Christine J. Moody
Korein Tillery - Swansea
10 Executive Woods Court
Swansea, IL 62226-2030

*/s/ Rebecca Jord[signature]*